Good morning. May it please the court and counsel, John Leder on behalf of appellant Michael Redlin. Your Honor, the district court dismissed Mr. Redlin's complaint under section 14.2c of the CFR, and that section requires claimants to amend their complaint or their notice of claim before the agency denies. Mr. Redlin, who was pro se at that time, did not amend his claim before the agency denied, and that was in part because he was pro se. The case law is clear that pro se litigants are treated leniently, and the district court did not do that. So we read their filings leniently, but we always say they have to follow the same procedure as anyone else. Do you have any case saying that for a pro se litigant doesn't have to meet a filing deadline? Well, Your Honor, I believe there are cases cited in either my opening brief or the reply brief that actually say that pro se litigants are not to be held to the complexity of procedural rules. But do you have a case where they're filed after the procedural deadline? That's what I was looking for. I don't think there's a case specifically saying that, but there's a wealth of case law holding that pro se litigants must be treated leniently, and that you don't necessarily hold them to the strict procedural requirements that you would do to someone who's represented by counsel. So he filed the second form, SF-95, on January 22nd, 2016. Is that right? I believe that is the date, Your Honor. Actually, I believe it was January 13th. It was mailed on the 13th. It was received the 22nd. Okay. So when he submitted that form, I thought a letter from his counsel was attached to it. It was. So why was he pro se at that time? He wasn't, but he was still saddled with the deficiencies from his pro se. So at the time he actually submitted the second form, he was represented? Correct, by me. Okay. So he was not pro se. So now I'm confused. Was he pro se or not pro se? He was represented by counsel, but he was still saddled with the problems from the claim notice that he submitted pro se. The exhaustion requirements. Those were substantive problems, right? He hadn't described the injury well enough. It wasn't a timeliness or procedural problem. A number of things, Your Honor. First of all, it's not even clear what was given in the claim notice. It appears from the record before the court that the only thing the VA got was the Form 95 form without the attached letter. That's the record before the court. To exhaust your administrative remedies, you must provide a claim notice that contains sufficient facts. And I would cite the court to the Burns case. I can give you the site. It's not. That's the substantive issue that I was describing, though. He hadn't described enough facts. Correct. Yes, that's what I'm saying. And if you don't describe enough facts in the claim notice, your claim is subject to dismissal for failure to exhaust. And one of the cases that stands for that is the Burns case, Ninth Circuit 764, Fed Second 722. The point is, when the case would have been subject to dismissal for lack of jurisdiction because Mr. Redland had not exhausted his administrative remedies because he didn't file a sufficient claim notice the first time. So it actually was denied in July 2015. So he received a letter denying his claim. So at the point when the second form was filed, it was already too late to file an amendment because there had already been a denial. Under the CFR, but not under the statute, Your Honor. And so then the question was whether it could be a motion for reconsideration. Correct. And that's one of our positions, is that in order to treat this pro se litigant leniently, and he was for all intents... Well, he wasn't pro se at that point. But he was still... So let's keep this straight. Obviously, when you started representing him, he was no longer pro se. But Your Honor, the letter denying the claim, when did you start representing him? That was the only thing we have in the record, is that the second claim notice was January 13th, was written on January 13th of 16. But Your Honor, please, I think you're painting with too broad a brush to just say he was not pro se at that point, because he was still saddled with the problems he created when he was pro se. Okay, I understand your saddle argument, but when you were represented by an attorney, you're no longer pro se. So I think that's the way the normal English language works. I would agree, Your Honor. And I've admitted that he was not pro se at that time. But the problem was, what was the functional choice at that point? If a lawsuit is filed at that point, which could have happened, that lawsuit would have been subject to dismissal for failure to exhaust, because the first claim notice was inadequate. It did not include enough facts for the agency. That's clear. In fact, based on the record, there were no facts in the first claim notice. That claim notice would have been deficient as a matter of law. That case would have likely been dismissed for lack of subject matter jurisdiction, and he's out of luck. It's the whole. So the letter he received said he could file a request for reconsideration within six months of the mailing of the first denial. The VA must receive such a request by January 14th. And so the VA, the evidence in the record or the VA's argument is they received it January 22nd. So it was several days, about a week too late. Correct, Your Honor. That's the argument. And again, I believe what the VA, what the government's asking you to do is to hold the petitioner or hold the appellant. So let me ask you this. I think what Judge Ikuda might be looking for is, were you not representing him at the time of the submission for the motion for reconsideration? Yes. Why is it that you could not have filed that timely? Because if the suit hadn't filed at that point, that suit would have been subject to dismissal. No, but reconsideration could have been filed 10 days earlier. If the second filing had just happened two weeks earlier than it did, it could have been a reconsideration motion. Well, and the agency could have treated it as that, Your Honor. But you were representing him at that time, I think, were you not? Yes, Your Honor. Then why could you not have filed it timely? Filed the motion for reconsideration. Well, it's not clear from the record exactly when the representation began. And again, I think realistically, it was a Hobson's choice for counsel because of the deficiencies that existed in the first. Well, the letter is stated January 13th. I suppose it could have been sent by overnight to the VA to arrive on January 14th. It probably could have been, Your Honors. So we know you were representing Mr. Redlin on the 13th. And so missing the 14th was not an unrepresented choice. Correct, Your Honor. And if I may, I'd like to address another argument in my brief, which is that the statute, the congressionally passed statute, 2401B, does not limit a claimant to one claim notice. It does not prohibit amending claim notices. Mr. Redlin did everything he was required to do within two years. The amended claim notice was served within two years. The district court action was served within two years. So from a common sense standpoint, and really from a legal standpoint, everything he did complied with the statute. The issue here is whether he complied with the technicalities of the CFR. So I thought we had held that, no, in Dinowix, you need to meet both requirements. A claim must be filed with the agency within two years and the claimant must file suit within six months of administrative denial. If either requirement is not met, suit will be time barred. So do you believe that Dinowix is distinguishable? I do, because there's nothing in the statute that forbids a second claim notice. Right, but we've interpreted it in Dinowix, so we can't, a panel of the court can't overrule our past president. And I'm not asking the court to overrule Dinowix. I think this case is different because Dinowix didn't involve, as far as I know, successive petitions. And again, the second claim notice was served and presented well within two years. It was, there was a second denial issued of the second claim notice, and the lawsuit was filed within six months of the second denial. So we complied with the face of the statute. That cannot reasonably be disputed. The second claim notice was filed within two years. We filed, it was denied, and we filed suit within six months of the denial. So as, and the statute doesn't say anything about amended claim notices or multiple claim notices. The statute doesn't preclude that. And I think on this record, it cannot be reasonably disputed that we complied with the statute. There's a, there's a good faith dispute whether we complied with the technicalities of the CFR, but not the statute. And I believe when there's a conflict between the congressionally passed statute and a regulation, the state of the constitution grants Congress the power to pass laws. Congress did that when it passed the statute of limitations. Are you basically arguing that the regulation is an unreasonable interpretation of this statute? No, I'm arguing that the agency unreasonably applied the regulation such that it contravenes the statute. But it applied the regulation in a very straightforward way, didn't it? I mean, I think you must be challenging the language of the regulation, because I don't think there's any oddness in how the regulation was passed. The only oddness is that the agency, like the district court, did not treat the pro se litigant leniently. And they, they basically said the same thing the district court did, which was, you didn't amend your complaint before we denied the first time, therefore you're out. So certainly if district courts are re, are required to treat pro se litigants leniently, the agency must be as well. But again, I, I, Your Honor, the statute says nothing, statute doesn't prohibit a second claim notice or a third. As a practical matter, that typically won't happen because there's no benefit to a claimant to do that. But in this case there was, because the first claim was deficient. We complied with the statute, because we complied with the statute, the claim should be timely. If, if the court has no other questions, I'll return, reserve the remaining time for rebuttal. All right. Good morning. May it please the court. My name's Melissa Krager and I represent APLE, the United States of America. The Federal Tort Claim Act Statute of Limitations, as set forth in 28 USC 2401B, just the statute, separate and apart from the regulations, has two requirements for a claim to be timely. The first is that the claimant must present his claim to the agency within two years of accrual. And no one disputes that that happened in this case. The second requirement is that the claimant must begin an action within six months of the agency's claim denial. But the, the statute's written in the disjunctive. You have to do one or the other. A suit is barred unless both of those two requirements happen, and as the court pointed out. It doesn't say and. It says unless it's presented in writing within two years after such claim accrues, or unless the actions begin within six months after the date of mailing. So it seems like you have to meet either one of those requirements, not both of them. The case law interpreting that statute has held that both must be met for the action to be timely, as the court previously pointed out to appellant's counsel. So the courts have interpreted the or to mean and. They must both file their claim within two years of accrual, and also commence litigation within six months of the In this case, as set forth in plaintiff's own pleading, as well as the documents attached to the appellee's motion to dismiss, the claimant presented a claim to the agency in January of 2015, which was subsequently denied by the agency in to address the point that the first claim was somehow deficient. First of all, that argument was raised for the first time on appeal, and is not properly before the court. The record that a district court... It's just an explanation anyway, isn't it? I thought that his explanation for why they were in this bind was more just an original pleading or original complaint with the agency was deficient. Yeah, so the argument seems to be that the first claim is somehow a nullity because it was deficient. So first of all, that argument was not raised in the district court. It was raised for the first time on appeal. If we look at what is in the record before the district court, we see a claim form from the appellant that was submitted on January 7th of 2015. The claim form is in the record with the date of injury being September of 2014 and a time stamp that I believe was 916 a.m. If we look at the subsequent claim form submitted by counsel on January 22nd of 2016, we see again a date of injury, September 25th, 2014, a time stamp of 916 a.m. The injury is the same in both claim forms. To address the attachments that appellant alleges the VA did not receive, again, this issue was not raised below, so there was no opportunity for the VA to put in additional documents into the record that would receive all attachments to the initial claim form. The district court record has the claim forms because they have the dates of the submission, which is pertinent to the statute of limitations argument, which was the only argument before the court. As to the appellant ---- Sotomayor, I'm sorry. Sotomayor, I'm sorry. Sotomayor, I'm sorry. Well, let me ask you this. Much of your adversary's brief is devoted to the thesis that a pro se litigant should be cut a lot of slack, I guess. Is there any view of the case where perhaps the fact that the person was pro se, I guess most of the time, should be a consideration in terms of how we evaluate everything that's transpired here? Not in this case. In this case, the record shows that the claimant was represented by counsel at least by January 13th, 2016. What if he were not? If he were not represented by counsel, I believe the result would be the same. I think that the Supreme Court in McNeil explained that pro se litigants are held to the same procedural deadlines as those represented by counsel, although they are afforded leniency in interpretation of their pleadings. So that's where you draw the line. As far as procedural requirements, you're saying that as a matter of red-letter law, the pro se litigant does not get any consideration. Not in this case. There is equitable tolling available for the FTCA statute of limitations. Well, how about that, though? Should perhaps the pro se litigant be given a little bit of a benefit when we think about equitable tolling? If we look at equitable tolling under Wong, there's two requirements. The claimant needs to show that he diligently pursued his rights and that extraordinary circumstances prevented him from satisfying the filing deadline. If we look at the record in this case, there simply aren't any facts to support equitable tolling. This argument was raised by the government in its motion to dismiss. The plaintiff did not respond to it in the district court. So there's just not a record in this particular case to support equitable tolling of the statute of limitations, and I think that is where they're at. All you have is that he was pro se. There's nothing else you have of a factual basis to lend him a hand, so to speak. That is correct. And that by itself in a vacuum isn't enough under Wong for the court to apply equitable tolling. There's just the record is silent on that issue because the appellant did not respond to the government's argument in the district court on that issue. Another argument that's made is that the January 22, 2016 claim received a second response from the VA in February. And there's a claim this restarts the six-month statute of limitations in which to or the denial restarts the statute of limitations this six-month timeframe. And I think the government cites Roman Cancel to say, no, it doesn't. But have we ever ruled on that issue? I think that the decision in Claremont speaks to that issue. In Claremont Aircraft, the Ninth Circuit, and this is a 1969 opinion, but the Ninth Circuit addressed whether subsequent inquiries after an agency's claim denial can extend the six-month deadline to file a claim to the extent the agency reiterates its denial through subsequent communications with the claimant. So in that case, I believe the court came as close as it's come to addressing this very issue. And the pertinent deadline is the final denial of the claim, which in this case happened on July 14th of 2015. And subsequent communications with the agency do not toll that deadline if the agency responds and reiterates that denial. The key deadline is when the agency first denies the claim in a final denial. There's nothing new because Roman Cancel holds open the possibility that an arising from a new injury, a new claimant substance. It just holds it open in dicta. It doesn't directly address it. So in this case, I think there's not a fair argument that the second claim, which has the exact same date of injury and even time stamp of injury, is different from the injury claim in the first submission by the claimant. So in this case, I don't think that question is presented to the court. To look briefly at the other arguments that were presented by the appellant, I think if we look to the regulations as they were applied in this case, it's consistent with the letter of the regulations, but also with the case law interpreting them. To the extent appellant has argued that a January 13th, 2016 submission that was not received by the VA until January 22nd, 2016 is somehow timely, contradicts the plain language of 28 CFR 14.9, but also the Ninth Circuit's opinion in interpreting how you calculate the timing, which is the Gervais case from the Ninth Circuit in 1988. So I think any way that we try to analyze the second claim, we come to the same place. Whether it's an amendment, a request for reconsideration, or simply a duplicative claim, both the letter of the statute, the regulations interpreting it, and the case law do not allow it to toll the statute of limitations in this case. So if there are no further questions, the government is happy to address them. Thank you. Your Honor, I believe the Roman case does leave open the possibility of a new claim. And the second claim was, in fact, a new claim. The first claim, he said, you didn't medicate me when you put the chest tube in and it caused me pain. The second claim notice says you inserted the chest tube into the lung parenchyma and caused permanent lung damage. They are vastly different claims. They are not equivalent claims. That's one of the reasons this case differs from Claremont. In Claremont, the two claim notices were equivalent. And in Claremont, the litigant was never pro se. Claremont is distinguishable. I'd like to call the Court's attention to the language from the district court order dismissing Mr. Redland's complaint. Here, plaintiff did not file his amended administrative claim until after the agency denied the original claim. Thus, the Court holds that plaintiff's amended claim is not an amended claim for 28 CFR 14.2, does not restart the clock. The district court held Mr. Redland accountable for what he failed to do when he was pro se. All right. Not only does 2401B not preclude a second claim notice, the CFRs do not preclude a second claim notice. The CFRs say when you can file an amended complaint, amended notice of claim, you can do that before the agency denies. But the CFRs don't say you cannot file a second claim. The Roman case leaves that possibility open. That's what Mr. Redland did. And as a practical matter, he needed to do that because his first claim notice was deficient and probably would have been dismissed on jurisdictional grounds. This is a jurisdictional issue. I believe it was raised in the district court. But if it wasn't, jurisdictional issues can be raised at any time and it's jurisdictional because the failure to exhaust is a jurisdictional requirement. Exhaustion of administrative remedies is a jurisdictional requirement. And if you don't provide adequate facts in your claim notice, the district court does not have jurisdiction because you haven't exhausted. So there's no waiver issue here. Does the court have any questions? Apparently not. Thank you. Thank you. All right. The case of Michael Redland v. United States is submitted.
judges: Ikuta, Friedland, Block